

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 15, 1949

Hon. Allan Shivers
Governor of Texas
Austin, Texas

Attention: Hon. William L. McGill

Opinion No. V-969.

Re: The authority of the Gov-
ernor to approve payment
of the travel expenses of
officers who returned a
fugitive from another State
under an application which
designated a different per-
son as the Governor's agent.

Dear Governor Shivers:

Your request for an opinion reads in part:

"An opinion of your office is desired as to wheth-
er the Governor can approve payment of expenses of
officers in returning fugitives from the State of Indiana,
under the following set of facts:

"On October 7, 1949, Governor Shivers issued
an application to the Governor of Indiana for return of
George Satterfield, charged with theft in Harris Coun-
ty, Texas; Edd White was named as Agent to return the
fugitive to Texas.

"On November 14, 1949, Sheriff C. V. Buster
Kern forwarded to Mr. Ben Ramsey, Secretary of State,
expense account for Robert R. Fields, Deputy Sheriff,
Houston, Texas, for returning George Satterfield to
Harris County. This expense account also included ex-
penses incurred by a second unnamed officer.

"Can the State pay expenses of an officer, acting
in the place of an Agent named by the Governor to re-
turn a fugitive to the State, when such Agent was unable
to make the trip?

"Can the expenses of the second officer be ap-
proved when only one Agent was named by the Gover-
nor?"

The answer to your question is found in Article 1005 and Section 1 of Article 1006 of Vernon's Code of Criminal Procedure, which are as follows:

> Article 1005. "When the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State or territory, he may commission any suitable person to take such requisition. The accused, if brought back to the State, shall be delivered up to the sheriff of the county in which it is alleged he has committed the offense."

> Article 1006. "Section 1. The officer or person so commissioned shall receive as compensation the actual and necessary traveling expenses upon requisition of the Governor to be allowed by such Governor and to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor." (Emphasis added.)

Section 1 of Article 1006, supra, is the statute, and the only one, which authorizes the person commissioned by the Governor to be paid his actual and necessary traveling expenses. The statute is plain and unambiguous and leaves no room for construction so as to include a person not commissioned. Any other person executing the commission does so without legal authority, and without legal authority he may not be paid his expenses from public funds.

If the person to whom the commission is issued by the Governor is unable or unwilling to execute it, he should return it to the Governor's office to the end that the Governor may commission some other suitable person. Clearly if the person to whom the commission was originally issued is unable or unwilling to execute it, he has no authority to delegate to another the authority conferred upon him.

It therefore follows that your questions must be answered in the negative. In brief, only the person to whom the Governor issues his commission may legally execute it and be reimbursed for his actual traveling expenses in connection therewith.

## SUMMARY

When the Governor issues a requisition demanding a person who has committed an offense in this State and has fled to another State or territory, the actual and necessary traveling expenses incurred in taking

the requisition to the asylum State may only be paid to the person commissioned by the Governor. Any other person performing the service may not be paid his traveling expenses from the State Treasury. Articles 1005 and 1006, V.C.C.P.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   *L. P. Lollar*

L. P. Lollar
Assistant

LPL/mwb

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL